By the Court.
Freedman, J.
This is an appeal by the plaintiff from a judgment in favor of the defendants dismissing plaintiff’s complaint upon the merits. The action was brought to restrain defendants from offering for sale, or selling or disposing of three thousand five-hundred and sixty-three packages of Pingsuey teas which have been placed by the defendants Purdon & Wiggin, with John PI. Draper & Co., auctioneers, for sale, at .public auction.
Upon the trial some evidence was given showing adulterations in said teas, but upon the evidence given on both sides, the learned judge who tried the cause made, and the judgment rendered wholly rests upon, the following finding of fact, viz.: “I find that sufficient evidence has not been produced before me to prove that the said tea is, by reason of said adulteration or otherwise, dangerous to human life or detrimental to health and unwholesome, or that the injunction prayed for is needed to prevent serious danger to human fife or detriment to health, or that the *111 said teas or the selling or offering for sale of the same is a nuisance.” Upon the whole case as presented, this finding cannot be disturbed. If it could be disturbed, it would have to be done for reasons which more or less apply to all green teas imported into this country.
The burden of proof was on the plaintiff to show that the teas complained of were, in point of fact, unwholesome or deleterious to health, and in the absence of such proof the learned judge below could not extend the statutes of this state under which the plaintiff proceeded, so as to reach imports of merchandise offered for sale in original packages. By the constitution of the United States, the power to regulate commerce with foreign nations, and among the .several states, is conferred upon congress, and while a state may enact sanitary laws, and for the purpose of self protection, establish quarantine and reasonable inspection regulations, it cannot beyond what is absolutely necessary for self-protection, interfere with the powers of congress. Neither the limited powers of a state to tax, nor any of its large police powers, can be exercised to such an extent as to work a practical assumption of the powers conferred by the constitution upon congress (Railroad Co. v. Husen, 95 U. S. 465 ; Low v. Austin, 13 Wall. 29 ; Henderson v. Mayor, 92 U. S. 259 ; Chy Lung v. Freeman, 92 Ib.275 ; People v. Compagnie Generale Transatlantique, 107 Ib. 59.)
It is true, as has been affirmed on several occasions, that there are many powers conferred upon congress which until exercised by it, are regarded as dormant, and which may therefore be exercised by the states within their limits in the meantime (People ex rel. Barlow v. Curtis, 50 N. Y. 321 ; Phelps v. Racy, 60 Ib. 10). But this doctrine is subject to the qualification which has always been recognized, that it is not enough that there is no express prohibition upon the states, but that it must also appear that there is no repugnancy or inconsistency in the exercise of the power by the states.
Under the circumstances of the case at bar the exer *112 cise of the power contended for by the plaintiff would conflict with the policy of the government of the United States in allowing the importation of the teas in question and collecting duties thereon. Moreover congress has acted in the premises by passing the act of March 2, 1883, entitled “ An act to prevent the importation of adulterated and spurious teas.” By that statute, congress decided that teas actually on shipboard might be imported. The power to import includes necessarily the right to sell.
The plaintiff having failed to establish by preponderance of evidence that the teas complained of were in point of fact, unwholesome or deleterious to health, the judgment appealed from must be affirmed with costs.
Sedgwick, Oh. J., and Van Vorst, J,, concurred.